IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

| | |
|---|---|
| **TIFFANY BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO.   3:22-cv-00207-RLY-MPB |
| | ) |
| | ) |
| **CARLA J. HAYDEN, Clerk of** | ) |
| **Vanderburgh County,** | ) |
| **VANDERBURGH COUNTY** | ) |
| **CLERK'S OFFICE,** | ) |
| | ) |
| **Defendants.** | ) |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, named-above, amends its' complaint pursuant to Fed. R. Civ. P. 15(a)(2).  In support of her Complaint and as cause of action against Defendant, Plaintiff respectfully submits the following:

### JURISDICTION

1. This suit is authorized and instituted pursuant to Title VII, 42 U.S.C. § 2000e all as amended by the Civil Rights Act of 1991; The Americans with Disability Act (ADA) 42 U.S.C. § 12101 et. seq.; The Family Medical Leave Act (FMLA) 29 U.S.C.§ 2601 et.al.; 28 U.S.C. §§ 1331, 1343 and 28 U.S.C.A § 1343(4).

2. Plaintiff filed a claim with the Equal Employment Opportunity Commission (EEOC) and received a Notice of Right to Sue on or about October 12, 2022

### PARTIES

3. Plaintiff is black and at all relevant times, resided in the Southern District of Indiana.

4. Defendant is a governmental agency doing business in the State of Indiana in the Southern District of Indiana.

## FACTS

5. Plaintiff started working for Defendant as a Deputy Clerk in 1994.

6. Plaintiff performed her job well.

7. Plaintiff has a good disciplinary history.

8. Throughout Plaintiff's employment with Defendant she was subjected to racially discriminatory conduct.

9. Plaintiff was passed over for promotions for less qualified white employees.

10. Plaintiff tested positive for the Coronavirus in August 2020.

11. On August 17, 2020, Plaintiff and other employees were allowed off work for two (2) weeks.

12. At the end of the two (2) weeks Plaintiff still tested positive for the Coronavirus.

13. Plaintiff was unable to return to work due to the Coronavirus and associated symptoms.

14. Plaintiff, thereafter, took leave pursuant to the Family Medical Leave Act ("FMLA").

15. Plaintiff was released to return to work, and did return to work, on or about October 19, 2020.

16. In December 2020 Defendant's entire facility was closed for approximately three (3) days.

17. Employees, who had appropriate technology, were allowed to work remotely.

18. Plaintiff had the appropriate technology and she was allowed to work remotely for those three (3) days.

19. In January 2021 Plaintiff had lingering effects of the Coronavirus, and as a result she requested leave to work remotely to accommodate her medical condition.

20. Plaintiff's request to work remotely was ignored.

21. Similarly situated white employees, who requested leave to work remotely, were allowed to work remotely.

22. In late March 2021 Plaintiff's symptoms intensified.

23. She began to experience severe stomach pains, dizziness, fatigue, headaches and other bodily pains.

24. Plaintiff went to the Vanderbilt Health Medical Clinic where several diagnostic tests were performed.

25. Plaintiff was diagnosed with Long COVID.

26. Plaintiff was again unable to work.

27. She was again taken off work by her doctor as a result of her condition.

28. On or about May 14, 2021, Plaintiff was notified that her allowed time off under the Family Medical Leave Act would expire on May 21, 2021.

29. She was also told that if she did not return to work on May 21, 2021, she would be terminated.

30. Plaintiff was unable to return to work due to her medical condition.

31. On May 21, 2021, Plaintiff was terminated for not returning to work on that date.

32. However, similarly situated white employees, who did not return to work after their time off under the FMLA had expired, were not terminated.

33. Further, similarly situated non-disabled employees were treated more favorably than Plaintiff.

34. Plaintiff was terminated due to her race in violation of Title VII.

35. Plaintiff was terminated due to her disability in violation of the ADA.

36. Defendant failed to accommodate Plaintiff in violation of the ADA.

37. Plaintiff was terminated in retaliation for taking FMLA in violation of the FMLA.

## COUNT I

38. Plaintiff incorporates by reference paragraphs 1-37.

39. Defendant as a result of discriminating against Plaintiff due to her race violated Title VII 42 U.S.C. § 2000e et seq.

## COUNT II

40. Plaintiff incorporates by reference paragraphs 1-37.

41. Defendant as a result of discriminating against Plaintiff due to her disability has violated the ADA 42 U.S.C. § 12101 et. seq.

## COUNT III

42. Plaintiff incorporates by reference paragraphs 1-37.

43. Defendant as a result of retaliating against Plaintiff due to her protected activity has violated FMLA 29 U.S.C. § 2601 et. al.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully prays the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost.

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages.

D. Award Plaintiff liquidated damages.

E. Award Plaintiff her costs in this action and reasonable attorney's fees.

F. Grant Plaintiff any and all other relief which is allowable under the circumstances

of this case.

Respectfully submitted,

**STOWERS & WEDDLE P.C.**


     s/Gregory A. Stowers
Gregory A. Stowers, #13784-49
Attorney for Plaintiff

## **REQUEST FOR JURY TRIAL**

Comes now the Plaintiff, by counsel, and requests that this cause be tried by jury.

Respectfully submitted,

  s/Gregory A. Stowers
Gregory A. Stowers, #13784-49

**STOWERS & WEDDLE P.C.**
626 N. Illinois Street
Suite 201
Indianapolis, IN 46204
(317)636-6320